# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO TORO,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>U.S. HOMELAND SECURITY, DHS,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07CV1830-LAB (POR)<br><br>**ORDER OF DISMISSAL AND DENIAL OF MOTION TO STAY**<br><br>[Dkt No. 2, 5] |

As substantiated by Exhibits attached to this 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus and to the government's Return to the Petition, petitioner Alfredo Toro ("Toto"), a native and citizen of Colombia, attempted to enter the United States on June 22, 2006. The Department of Homeland Security placed him in removal proceedings, charging him with inadmissibility. In a decision rendered October 19, 2006, an Immigration Judge ("IJ") ordered Toro removed from the United States as an alien who did not have proper entry documents when seeking admission. Toro applied for cancellation of removal under section 240A(b) of the Immigration and Nationality Act. At a merits hearing on May 14, 2007, the Immigration Court found him removable as charged, denied his application for cancellation of removal, and ordered him removed from the United States. Toro appealed that result to the Review Board of Immigration Appeals ("BIA"). On July 31, 2007, the BIA upheld the IJ's decision.

On September 18, 2007, 49 days after the BIA's decision, Toro filed his habeas action in this federal district court seeking review of the order of removal. He has applied *ex parte*

1  for a stay of removal while the action is pending. On October 10, 2007, this court entered
2  an Order To Show Cause for briefing. The government timely filed a Return to the Petition,
3  demonstrating this court lacks jurisdiction to review the merits of Toro's Petition under the
4  amendments to 8 U.S.C. § 1252(a) enacted as the REAL ID Act, effective May 11, 2005,
5  providing, in pertinent part, "the sole and exclusive means for judicial review of an order of
6  removal entered or issued under any provision of this Act, except as provided in subsection
7  (e)," is for the petitioner to file a petition for review "with an appropriate *court of appeals*," and
8  "the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant
9  to section 2241 of Title 28, or any other habeas corpus provision. . . ." 8 U.S.C. § 1252(a)(5)
10 (emphasis added).

11    The Return further demonstrates a transfer of this action to the Ninth Circuit court of
12 appeals would be futile, because Toro's filing of the Petition was untimely. He had 30 days
13 to petition the Ninth Circuit for review of the BIA's July 31, 2007 Order. 8 U.S.C. §
14 1252(b)(1) ("The petition for review must be filed not later than 30 days after the final order
15 of removal"); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court, . . .
16 including a petition for review of administrative action, . . . and that court finds that there is
17 a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or
18 appeal to any other such court in which the action or appeal **could have been brought at**
19 **the time it was filed or noticed**, and the action or appeal shall proceed as if it had been
20 filed in or noticed for the court to which it is transferred on the date upon which it was
21 actually filed in or noticed for the court from which it was transferred") (emphasis added).
22 Toro filed his Petition after expiration of the 30 days within which he could have appealed
23 the removal Order to the Ninth Circuit and, accordingly, the court finds he could not have
24 brought the action in the first instance in the Ninth Circuit at the time he filed the Petition,
25 foreclosing that court's jurisdiction over any attempted transfer. See Wang v. D.H.S., 484
26 F.3d 615, 618 (2d Cir. 2007) ("Because we would have lacked jurisdiction over Wang's
27 petition for review had it been filed in this Court 'at the time it was filed or noticed' in the
28 District Court, transfer under § 1631 was not permitted").

1  For all the foregoing reasons, the court finds it lacks jurisdiction over Toro's Petition,
2  and the timing of his filing precludes a transfer to the proper court. Accordingly, **IT IS**
3  **HEREBY ORDERED** the Petition is <u>**DISMISSED**</u> with prejudice, terminating this action in its
4  entirety for lack of jurisdiction, and Toro's Application for stay of removal during the
5  pendency of this action is <u>**DENIED AS MOOT.**</u>

6  **IT IS SO ORDERED**.

7  DATED: November 8, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge